IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: _____

CLAUDIA ESTER SIERRA,

    Plaintiff,

v.

CRUISE SHIPS CATERING AND
SERVICES INTERNATIONAL N.V.
& COSTA CROCIERE, S.p.A.,

    Defendant (s).

_____/

## COMPLAINT, DEMAND FOR JURY TRIAL

Plaintiff sues Defendant(s) and alleges:

1. This is an action seeking damages in excess of $15,000.00.

2. Defendant(s), at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendant(s) are subject to the jurisdiction of the Courts of this state.

4. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, and the General Maritime Law of the United States.

5. At all times material hereto, Defendant(s) owned, operated, managed, maintained and/or controlled the vessel *M/V Costa Fortuna*. This vessel was registered in a flag of convenience country.

6. At all times material hereto, Plaintiff's employer Cruise Ship Catering and Services International N.V. was an agent of the ship owner and/or ship operator.

## COUNT I
## JONES ACT NEGLIGENCE

7. Plaintiff realleges, incorporates by reference, and adopts paragraphs one (1) through six (6) as though they were originally alleged herein.

8. On or about September 21, 2010, Plaintiff was employed by Defendant, Cruise Ships Catering and Services International, N.V. as a seaman and was a member of the vessel's crew, which was in navigable waters.

9. It was the duty of Defendant to provide Plaintiff with a reasonably safe place to work.

10. On or about the above referenced date(s), Plaintiff was injured while aboard the vessel as follows: While working as assistant housekeeping manager the Plaintiff was in the marshaling area, sorting passenger's luggage when she slipped and fell on a wet deck and injured her right hand. Plaintiff reported to the ship's medical facility, her right hand was immobilized, she was provided with pain killers and ordered to return to work.

11. Defendant subsequently referred the Plaintiff to a shore side medical clinic in Venice, Italy where Plaintiff was examined and an X-Ray was taken. Plaintiff was recommended to stop working.

12. On or about October 18, 2010 Plaintiff was signed off on medical leave and flown home.

13. On or about April 7, 2011 Plaintiff underwent surgery to her right hand and then given physical therapy. Plaintiff was eventually cleared to return to work.

14. On or about August 5, 2011 Plaintiff returned to work on board the Costa Serena as assistant housekeeping manager. But shortly after Plaintiff reported to work, her right hand became swollen and painful.

15. On or about November 13, 2011 Plaintiff was again signed off on medical leave and flown home.

16. Plaintiff was given physical therapy and has been recommended a new surgery for her right hand.

17. Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide and maintain a reasonable safe walking surface in the area of the vessel wherein the Plaintiff suffered her fall;

   b. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work.

   c. Failure to promulgate and enforce reasonable rules and regulations design to insure the reasonable safety and health of the Plaintiff, while engaged in the course of her employment on the vessel.

   d. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work due to: 1. Failed to maintain the floor area wherein Plaintiff fell in a clean and dry condition, and/or; 2. Allowed water and other slippery substances to fall on the floor,

*Claudia Ester Sierra v. Cruise Ships Catering, et. al.*
*Complaint*

and/or; 3. Failed to have an adequate non slip or non skid surface on the floor area wherein she fell, and/or; 4. Failed to warn plaintiff of the danger a slippery floor area posed to her, and/or; 5. Failed to place rubber mats or other non slip coverings on the floor, and/or; 6. Failed to provide plaintiff with an adequate non skid foot wear, and/or; 7. Failed to properly maintain the floor area wherein she fell so that it would not become slippery, all of which caused plaintiff to be injured when she slipped and fell.

e. Failure to provide adequate instruction, and supervision to the Plaintiff and her fellow crew members;

f. Failure to provide prompt, proper, and adequate medical care to the Plaintiff after she reported to the ship's medical facility after her injury, which aggravated Plaintiff's
injuries and caused her additional pain and disability;

g. Failure to provide Plaintiff and other crew members who were associated with Plaintiff or Plaintiff's incident giving rise to this action, reasonable work and rest hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendant(s) employees are overworked to the point of fatigue.

h. Defendant(s) have failed to learn and apply the common and well known principles of industrial ergonomics on board their fleet vessels and the vessel on board which Plaintiff was injured;

i. Defendant(s) use outmoded work methods and procedures and neglect modern material handling techniques and protocols;

j. Defendant(s) failed to adequately train the Plaintiff on how to safely perform the tasks assigned to her and/or made it impossible for the Plaintiff to be able to follow

her training and still be able to complete the tasks assigned to her in the time allotted her for the completion of those tasks. Defendant(s) are having small work crews doing jobs traditionally handled by larger crews;

k. Plaintiff's work cite about from being a mobile platform and subject to all weather conditions also lacked the site safety precautions available to comparable workers in comparable land based jobs;

l. Defendant(s) failed to ascertain the cause of substantially similar prior accidents which occurred on the same and other vessels in the Defendant's fleet so as to take the necessary measures to prevent their re-occurrence, and more particularly Plaintiff's accident, as the ISM Code and the Defendant's Ship's Quality Management Manual or it's equivalent namesake requires the Defendant to do;

m. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work.

n. Prior to Plaintiff's accident Defendant(s) failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazard or to adequately warn the Plaintiff of the danger those hazards posed to her and give her the ability to avoid them.

o. Defendant failed to perform an adequate pre-employment physical on Plaintiff so as to determine the dangers to Plaintiff of working on the Defendant's vessel in the condition the Plaintiff was in when she was working on board the vessel on the tasks assigned to the Plaintiff.

p. Defendants failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

q. Defendants failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care.

r. Defendants failed to provide plaintiff with enough sleeping time so as to cause plaintiff and the other crew members on the vessel the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000).

s. Defendants failed to properly medically manage plaintiff's medical care after plaintiff was injured and rushed Plaintiff to a premature and improper MMI/MMC declaration.

t. At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the plaintiff to be injured.

18. Defendant(s) knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

19. As a result of the negligence of Defendant(s), the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable

fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

20. Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through six (6) as though they were originally alleged herein.

21. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendants vessel, which was in navigable waters.

22. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant, COSTA CROCIERE, S.p.A.,

23. Defendant Costa Crociere, S.P.A. had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

24. On or about the previously stated date the unseaworthiness of Defendants' vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

*Claudia Ester Sierra v. Cruise Ships Catering, et. al.*
*Complaint*

a. The vessel was unsafe and unfit due to the conditions created by Defendant(s') as follows: 1. Failed to maintain the floor area wherein Plaintiff fell in a clean and dry condition, and/or; 2. Allowed water and other slippery substances to fall on the floor, and/or; 3. Failed to have an adequate non slip or non skid surface on the floor area wherein she fell, and/or; 4. Failed to warn plaintiff of the danger a slippery floor area posed to her, and/or; 5. Failed to place rubber mats or other non slip coverings on the floor, and/or; 6. Failed to provide plaintiff with an adequate non skid foot wear, and/or; 7. Failed to properly maintain the floor area wherein she fell so that it would not become slippery, all of which caused plaintiff to be injured when she slipped and fell.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task being performed;

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

25. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in

nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

26. Plaintiff realleges, incorporates by reference, and adopts paragraphs one (1) through six (6) as though they were originally alleged herein.

27. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

28. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants until she is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

29. After the Plaintiff was injured and sought medical care Defendant failed to provide the Plaintiff with prompt, proper, and adequate medical care both on board the vessel and subsequently when Plaintiff was in need of treatment shore side. In addition, once off the vessel and not being housed and fed at a facility provided by and/or paid for by the Defendant, the Defendant failed to timely provide the Plaintiff with maintenance and sick wages when they were due and in the proper amounts due the Plaintiff.

*Claudia Ester Sierra v. Cruise Ships Catering, et. al.*
*Complaint*

30. Defendant(s) failure to provide the Plaintiff with Maintenance and Cure was willful and in callous disregard of the Plaintiff's rights as a seaman. The Defendant's Maintenance and Cure that was provide was unreasonable and arbitrarily delayed, and then prematurely cutoff the Defendant's obtaining a self serving MMI/MMC declaration though the chosen network of medical care providers. As a result of this failure and/or refusal to provide the Plaintiff's with her entire maintenance and cure, Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

31. Defendant(s) failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future..

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

32. Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through six (6) as though originally alleged herein.

33. On or about the previously stated date, Plaintiff was employed by Defendant CSCS International N.V. as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

34. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care upon the Plaintiff being injured and seeking medical assisstance.

35. Defendants through the ship's physicians and nurses and then through its chosen health care providers, negligently failed to provide the Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

   a. Defendants not giving Plaintiff medical care in a timely manner after her initial injury and reporting to the vessels medical facility seeking treatment for her conditions; and/or

   b. Defendants sending Plaintiff back to work on pain killers after she became injured which made her injuries worse.

   c. Defendants selectively treating the Plaintiff's injuries once she was sent shore side in a manner that would results in the cheapest, fastest route to an MMI/MMC declaration for the Plaintiff rather than her true cure.

36. As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged and/or never fully attained. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred additional

medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

37. This Count is alleged separately from Jones Act Negligence pursuant to <u>Joyce v. Atlantic Richfield Company</u>, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Dated: August 30, 2013

                                      LIPCON, MARGULIES, ALSINA &
                                      WINKLEMAN, P.A.
                                      *Attorneys for Plaintiff*
                                      Suite 1776, One Biscayne Tower
                                      2 S. Biscayne Blvd.
                                      Miami, Florida 33131
                                      Telephone: (305) 373-3016
                                      Facsimile: (305) 373-6204
                                      E-Mail: ralsina@lipcon.com

By: <u>//s Ricardo V. Alsina</u>
      RICARDO V. ALSINA
      FLORIDA BAR NO.: 883182